■ PATRICIA O'KEEFE, Appellant-Respondent, v RAYMOND O'KEEFE, Respondent-Appellant. [628 NYS2d 766] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Burke, J.), entered October 6, 1993, which, after a nonjury trial, awarded her maintenance in the sum of only $2,400 per month until the completion of the sale of certain real property at which time the award of maintenance would be reduced to $2,100 per month and directed the sale of the parties' Florida residence, and the defendant husband cross-appeals, as limited by his brief, from stated portions of the same judgment which awarded the wife maintenance in the sum of $2,400 per month until the completion of the sale of certain real property at which time the award of maintenance would be reduced to $2,100 per month, and awarded her attorney's fees in the sum of $21,980.79.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff wife contends that the award of maintenance was insufficient to maintain the standard of living to which she had become accustomed, and the defendant husband contends that the award of maintenance was excessive. The amount of maintenance is a matter left to the sound discretion of the trial court *(see, Loeb v Loeb,* 186 AD2d 174; *Petrie v Petrie,* 124 AD2d 449). The Court of Appeals has recently stated that the trial court must consider the payee spouse's reason-

able needs and "standard of living in the context of the other enumerated statutory factors, and then, in [its] discretion, fashion a fair and equitable maintenance award accordingly *(see,* Domestic Relations Law § 236 [B] [6] [a] [1]-[11])" *(Hartog v Hartog,* 85 NY2d 36, 52). Under all of the circumstances of the case, including the parties' income, their respective tax obligations and needs, all of which were considered by the trial court, the amount awarded to the wife as maintenance was representative of the standard of living to which she had become accustomed and represented a fair award.

We have reviewed the parties' remaining contentions and find them to be without merit. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.