■ KENNETH KAHN, Respondent, v CELESTE KAHN, Appellant. [633 NYS2d 382] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Murphy, J.), entered March 22, 1994, which, inter alia, (1) granted the husband a divorce on the grounds of cruel and inhuman treatment and the wife's adultery, (2) ordered that certain monies taken by the wife from a joint account be deemed maintenance, (3) ordered that the husband pay the wife $250 per week for a period of one year, and (4) distributed to the husband all bank accounts in the joint names of the parties, all stocks and bonds in the joint names of the parties, the marital residence, the proceeds of certain escrow accounts, a BMW automobile, and all furniture and furnishings located at the marital residence.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The determination of the trial court as a fact-finder on the issue of cruel and inhuman treatment will not be lightly disturbed on appeal (see, Soto v Soto, 216 AD2d 455, citing Tortorello v Tortorello, 133 AD2d 683; Rieger v Rieger, 161 AD2d 227). Giving due deference to the trial court's assessment of the credibility of the witnesses, we are satisfied that the husband sufficiently demonstrated a course of conduct by the wife which so endangered his physical or mental well being as rendered it unsafe or improper for him to cohabit with her (see, Domestic Relations Law § 170 [1]). Further, the court's finding that the husband is entitled to a divorce on the ground of adultery is supported by the record and we decline to disturb it.

Contrary to the wife's contention, the court's distribution of the marital property is supported by the record. The court set forth all the facts it considered and the reasons for its determination (see, Domestic Relations Law § 236 [B] [5]; O'Brien v O'Brien, 66 NY2d 576).

Additionally, it is well settled that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court *(see, Feldman v Feldman,* 194 AD2d 207, 217-218; *Loeb v Loeb,* 186 AD2d 174). In fixing the amount of such an award, a court must take into account the financial circumstances of both parties, including their reasonable needs and means *(see, Feldman v Feldman, supra).* Here, the evidence established that the wife was in good health, young, and educated. There was uncontradicted evidence that subsequent to the parties' separation, the wife withdrew close to $150,000 from a bank account held in the parties' joint names. Although the wife claimed to have expended these monies for living expenses, she was unable to substantiate in any real terms her use of these monies. The court did not credit her testimony and concluded that she had wastefully dissipated this asset or had hid these funds for her future use. The court properly fixed the award of maintenance.

We have examined the wife's remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.