■ ROBYN MURPHY, Respondent, v KENNETH MURPHY, Appellant. [772 NYS2d 355]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Skelos, J.), entered August 16, 2002, which, after a nonjury trial, inter alia, equitably distributed the parties' real property, including real property in Gilboa, New York, directed him to pay maintenance in the sum of $100 per week for a period of five years, and directed him to pay child support in the sum of $302.60 per week.

Ordered that the judgment is modified, on the law and the

facts, by (1) deleting the fourteenth decretal paragraph thereof and substituting therefor a provision declaring that the real property in Gilboa, New York, is entirely the defendant's separate property, and (2) deleting from the fifteenth decretal paragraph thereof the sum of $87,676.67 and substituting therefor the sum of $105,369.44; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The marital residence was purchased after the marriage and was therefore subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [c]). Although the defendant claimed that the $23,000 down payment was paid with his separate funds, he offered no evidentiary support for this assertion beyond his own testimony (*see Saasto v Saasto,* 211 AD2d 708, 709 [1995]; *Sarafian v Sarafian,* 140 AD2d 801, 804 [1988]). Since it was undisputed that the defendant contributed $207,000 of his separate property toward the creation of this marital asset, the Supreme Court correctly determined that he was only entitled to a credit in that amount (*see Tozer v Tozer,* 286 AD2d 384, 386 [2001]; *Pauk v Pauk,* 232 AD2d 386, 390 [1996]; *Maczek v Maczek,* 248 AD2d 835, 837 [1998]). The Supreme Court's award of 45% of the value of the marital portion of the marital residence to the plaintiff was a provident exercise of discretion (*see Butler v Butler,* 171 AD2d 89 [1991]).

However, the real property located in Gilboa, New York, and the capital improvements made thereto were the defendant's separate property, since the property had been purchased before the parties' marriage and the capital improvements were made with the defendant's separate funds (*see* Domestic Relations Law § 236 [B] [1] [d] [1]). Therefore, the fifteenth decretal paragraph of the judgment is modified accordingly.

Taking into consideration all of the relevant factors governing the award of maintenance, including the reasonable needs of the plaintiff and the parties' predivorce standard of living (*see* Domestic Relations Law § 236 [B] [6]), the weekly amount of the maintenance award was a provident exercise of discretion (*see Walker v Walker,* 255 AD2d 375 [1998]; *O'Keefe v O'Keefe,* 216 AD2d 549 [1995]). Although the defendant contests the five-year duration of the award, we note that the judgment further limited the award of maintenance in the event of the plaintiff's remarriage before the five-year period expired. The plaintiff states in her appellate brief that she has since remarried. Therefore, the defendant's obligation for maintenance expired on the date of the remarriage. Under these circumstances, we decline to disturb the maintenance award (*see Fuchs*

*v Fuchs,* 276 AD2d 868, 871-872 [2000]; *Lenczycki v Lenczycki,* 152 AD2d 621, 624 [1989]). For the same reason, we decline to disturb the award of child support on the ground that the Supreme Court failed to reduce the defendant's imputed income by the amount of his maintenance obligation (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]).

The defendant's remaining contentions are without merit. Santucci, J.P., S. Miller, Schmidt and Rivera, JJ., concur.