Anthony Shkreli, Appellant, v Joanne Shkreli, Respondent. [36 NYS3d 208]—

Appeal by the plaintiff from a judgment of divorce of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated September 2, 2014. The judgment of divorce, insofar as appealed from, upon a decision of that court dated June 17, 2014, made after a nonjury trial, (a) failed to award the plaintiff a credit for the defendant's enhanced earning capacity, (b) determined that the marital residence was marital property except for the plaintiff's separate property credit of only $50,000 and directed its sale, and (c) in its equitable distribution of the property, inter alia, awarded the defendant a credit for the plaintiff's wasteful dissipation of marital assets.

Ordered that the judgment of divorce is modified, on the law, by adding to paragraph E, subparagraph c thereof, under the heading "EQUITABLE DISTRIBUTION," immediately following the words "shall be divided between the parties," the words, "with 60% to the Plaintiff and 40% to the Defendant"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on June 30, 1984. At that time, the defendant had a high school diploma. During the course of the marriage, she enrolled in college and earned a bachelor's degree in 2000 or 2001. Since that time, she has worked in the field of chemistry.

When the parties married, they first lived in a house that was owned by the plaintiff and his brother. In 1996, the plaintiff purchased a vacant parcel of property with a purchase money mortgage of $55,000 and approximately $30,000 cash. Thereafter, the plaintiff obtained a $165,000 mortgage on the property and used the proceeds to satisfy the initial mortgage and to help cover the cost of constructing a new house on the property. In 1997, the house owned by the plaintiff and his brother was sold, and, according to the plaintiff, his share of the proceeds from the sale went toward the cost of constructing the new house, which became the marital residence.

During the marriage, the parties shared a joint bank account into which they deposited their incomes and from which they paid their bills, including the mortgage and property taxes on the house owned by the plaintiff and his brother. The mortgage and taxes on the marital residence were also paid with marital funds.

In March 2011, the defendant moved out of the marital residence. In May 2012, the plaintiff commenced this action for a divorce and ancillary relief. In early 2012, prior to the commencement of this action, the plaintiff liquidated a retirement account and obtained a $250,000 mortgage on the marital residence. He used $100,000 of the mortgage proceeds to repay his sister-in-law, who had lent him that amount of money to pay off the previous mortgage on the marital residence.

The Supreme Court held a nonjury trial on certain financial issues, including equitable distribution of the marital property. Conflicting evidence was presented as to the current valuation of the marital residence: the plaintiff contended that its value ranged from $450,000 to $475,000, and the defendant contended that the value was $709,200. Following the trial, the court, as relevant to this appeal, determined that the plaintiff was not entitled to a credit for any enhanced earning capacity

arising from the bachelor's degree the defendant earned during the marriage; directed that the marital residence be sold and that any remaining proceeds, after payment of costs associated with the sale and the payment of a $50,000 separate property credit to the plaintiff, be divided between the parties, with the plaintiff to pay off any remaining debt on the marital residence out of his share; and awarded the defendant a credit for the plaintiff's wasteful dissipation of marital assets. The plaintiff appeals.

The plaintiff's contention that he should have received a credit for the value of the defendant's enhanced earning capacity relating to her bachelor's degree is without merit. The plaintiff did not establish the actual value of the defendant's enhanced earning capacity (*see e.g. McSparron v McSparron*, 87 NY2d 275, 286 [1995]), and he did not demonstrate that he substantially contributed to the defendant's acquisition of that degree (*see Higgins v Higgins*, 50 AD3d 852, 853 [2008]). Thus, the Supreme Court providently exercised its discretion in determining that the plaintiff was not entitled to a credit for the defendant's enhanced earning capacity.

The Supreme Court also properly determined that the marital residence, which was purchased during the marriage, was marital property (*see* Domestic Relations Law § 236 [B] [1] [c]; *Murphy v Murphy*, 4 AD3d 460, 461 [2004]). "[W]here one spouse contributed monies derived from separate property toward the acquisition of the marital residence," he or she generally will receive "a credit for that contribution" (*Fields v Fields*, 15 NY3d 158, 166 [2010]). The contributing spouse does not meet the burden of establishing the value of a separate property contribution if he or she offers only his or her own testimony in support of the claim or he or she does not trace the source of the alleged separate property (*see McLoughlin v McLoughlin*, 63 AD3d 1017, 1019 [2009]; *Saasto v Saasto*, 211 AD2d 708, 709 [1995]). Here, the plaintiff failed to establish the value of his separate property contribution to the purchase of the marital residence (*see McLoughlin v McLoughlin*, 63 AD3d at 1019). He presented no evidence as to how much money he contributed to the purchase of the house he co-owned with his brother prior to the marriage or the value of his interest in the house when he acquired it. With respect to the sum of money that was used to purchase the property on which the marital residence was built, the plaintiff presented no evidence as to whether the money was separate or marital property. Under the circumstances, the court properly determined that the marital residence was marital property. Nonetheless, the

court took into account that there was evidence that some unknown amount of the plaintiff's separate property was used to purchase and construct the marital residence by awarding the plaintiff a greater percentage share of the proceeds of the sale of the marital residence (*see e.g. Murphy v Murphy*, 4 AD3d at 461; *Butler v Butler*, 171 AD2d 89, 93-94 [1991]).

The Supreme Court providently exercised its discretion in directing that the marital residence be sold (*see e.g. Bernard v Bernard*, 126 AD3d 658, 659 [2015]). However, the judgment of divorce should be modified to conform with the court's decision after trial regarding the equitable distribution of the remaining sale proceeds of the marital residence, with 60% awarded to the plaintiff and 40% to the defendant (*see* CPLR 5019 [a]; *Murphy v Murphy*, 4 AD3d at 461; *Butler v Butler*, 171 AD2d at 93-94).

Finally, the Supreme Court properly found that the plaintiff wastefully dissipated certain marital assets and awarded the defendant a credit for the wasteful dissipation of such assets (*see e.g. Kahn v Kahn*, 221 AD2d 320, 321 [1995]; *Harrell v Harrell*, 120 AD2d 565, 565 [1986]). Other than the $100,000 payment to his sister-in-law and the payment of certain dental expenses for himself and the parties' daughter, the plaintiff presented no evidence as to what he did with the remaining proceeds from the $250,000 mortgage he obtained just prior to the commencement of the action and the money from the liquidated retirement account. Further, he failed to provide any credible explanation for the source of funds, in excess of $125,000, that he deposited in a separate bank account in his name in February 2012, with subsequent unexplained cash withdrawals. The plaintiff's contention that the court did not account for the defendant's wasteful dissipation of a portion of her retirement account is without merit, as the court valued the defendant's retirement account for the purpose of equitable distribution as if she had not taken out a loan against that account. Leventhal, J.P., Miller, Duffy and LaSalle, JJ., concur.