Ospina-Cherner v Cherner (2019 NY Slip Op 09276)





Ospina-Cherner v Cherner


2019 NY Slip Op 09276


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-01945
 (Index No. 2454/13)

[*1]Ana Ospina-Cherner, respondent, 
v
Daniel Cherner, appellant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac of counsel), for appellant.
Arnold S. Kronick, White Plains, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Westchester County (John P. Colangelo, J.), entered January 21, 2016. The judgment of divorce, upon a decision of the same court (Paul I. Marx, J.), dated November 13, 2015, made after a nonjury trial, inter alia, awarded the plaintiff a distributive award of $25,000 as and for her interest in the defendant's Master of Business Administration degree and equitably distributed three properties owned by the parties.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff $25,000 as and for her interest in the defendant's Master of Business Administration degree; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in August 2000 and have two children together. During the course of the marriage, both parties earned master's degrees, and they acquired certain property in New Rochelle. In addition, during the course of the marriage, the plaintiff acquired certain property in the Bronx with her stepfather, and in Cali, Colombia, with her mother. The Bronx property was used to generate rental income, and ultimately was sold in June 2012.
The plaintiff commenced this action for a divorce and ancillary relief in May 2013. A nonjury trial was held on the issues of equitable distribution. The Supreme Court issued a decision after trial, dated November 13, 2015, which, inter alia, determined that: the parties would be required to sell the New Rochelle property and equally share in the net profits or losses; the defendant was entitled to one-half of the plaintiff's one-half share of the proceeds from the sale of the Bronx property; the plaintiff would be awarded the Colombia property; the parties were not entitled to any equitable distribution of the other's retirement or pension accounts; the plaintiff was entitled to $25,000 as and for her interest in the defendant's Master of Business Administration (hereinafter MBA) degree; and the parties were not entitled to an award of counsel fees. Thereafter, the court entered a judgment of divorce on January 21, 2016, which, inter alia, incorporated the November 13, 2015, decision. The defendant appeals.
"The Domestic Relations Law recognizes that the marriage relationship is an [*2]economic partnership. As such, during the life of a marriage spouses share in both its profits and losses. When the marriage comes to an end, courts are required to equitably distribute not only the assets remaining from the marriage, but also the liabilities" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420). The trial court has broad discretion in making an equitable distribution of marital property (see id. at 420). "However, during the life of any marriage, many payments are made, whether of debts old or new, or simply current expenses. If courts were to consider financial activities that occur and end during the course of a marriage, the result would be parties to a marriage seeking review of every debit and credit incurred. As a general rule, where the payments are made before either party is anticipating the end of the marriage, and there is no fraud or concealment, courts should not look back and try to compensate for the fact that the net effect of the payments may, in some cases, have resulted in the reduction of marital assets. Nor should courts attempt to adjust for the fact that payments out of separate property may have benefitted both parties, or even the nontitled spouse exclusively. The parties' choice of how to spend funds during the course of the marriage should ordinarily be respected. Courts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end" (id. at 420-421; see Westreich v Westreich, 169 AD3d 972, 976).
In light of these principles, and the defendant's failure to prove that the plaintiff engaged in wasteful dissipation of marital assets (see Epstein v Messner, 73 AD3d 843, 846), we find no merit to the defendant's contentions that he is entitled to certain credits for money that the plaintiff allegedly spent on a certain rental apartment, for profits allegedly earned by the plaintiff for a daycare business that she operated during the course of the marriage, or for rent allegedly collected on the property she owned in the Bronx with her stepfather.
Contrary to the defendant's contention, the Supreme Court did not err in determining his distributive award of the proceeds of the sale of the Bronx property. The court considered the plaintiff's conveyance of a portion of her interest in the property to her mother, before the commencement of this action for no consideration, and accounted for the improper transfer in determining the defendant's equitable share (see Shah v Shah, 100 AD3d 734, 734-735).
Nor did the Supreme Court err in declining to award the defendant a share in the property located in Cali, Colombia. The parties' conflicting testimony as to whether the defendant was repaid the money advanced to the plaintiff and her mother for the purchase of the property presented a question of credibility, which the court resolved in the plaintiff's favor. A trial court's credibility determinations are afforded great weight on appeal (see Halley-Boyce v Boyce, 108 AD3d 503, 505; Alper v Alper, 77 AD3d 694, 695). Moreover, the defendant failed to establish by competent evidence the monetary value of the alleged appreciation of the property (see Halley-Boyce v Boyce, 108 AD3d at 505; Morales v Inzerra, 98 AD3d 484).
Contrary to the defendant's contention, the Supreme Court did not err in directing that the New Rochelle property be sold and the net profits or losses be split between the parties. The defendant failed to submit any credible evidence supporting his contention that he should be awarded 100% of the profits, if any, from the sale of the property.
While "pension and retirement benefits belonging to either spouse attributable to employment during the marriage constitute marital property subject to equitable distribution upon divorce" (McGrath v McGrath, 261 AD2d 369, 370; see Majauskas v Majauskas, 61 NY2d 481), we agree with the Supreme Court's determination that each party would retain her or his own pension and retirement funds. In making this determination, the court, which found both parties generally not credible, noted that the analysis of the defendant's retirement accounts was difficult given the number of accounts and the frequency with which they were added to and depleted, and it declined to accept his representations of the values, or lack thereof, of such accounts. We give deference to the court's credibility determinations and decline to disturb its determination on this issue.
However, we agree with the defendant that the Supreme Court should not have [*3]awarded the plaintiff $25,000 as and for her interest in the defendant's MBA degree. At the time that this action was commenced, an academic degree earned during a marriage constituted marital property subject to equitable distribution (see O'Brien v O'Brien, 66 NY2d 576, 588; cf. Domestic Relations Law § 236[B][5][d][7]). The value of a degree is measured by the present value of the enhanced earning capacity which it affords the holder (see O'Brien v O'Brien, 66 NY2d at 588; McGowan v McGowan, 142 AD2d 355). The nontitled spouse is required to establish the value of the enhanced earning capacity and demonstrate that the nontitled spouse made a substantial contribution to the acquisition of the degree (see Lynch v Lynch, 168 AD3d 700, 703-704; Shkreli v Shkreli, 142 AD3d 546, 548). Here, the Supreme Court awarded the plaintiff $25,000, not based on the value of the defendant's enhanced earning capacity, but rather on its determination of the cost of the acquisition of the MBA degree. The utilization of marital funds for the acquisition of the defendant's MBA degree was a choice made by the parties during the course of the marriage that should not be second-guessed once the marriage has ended (see generally Mahoney-Buntzman v Buntzman, 12 NY3d at 421). Furthermore, the plaintiff failed to establish the actual value of the defendant's enhanced earning capacity (see Shkreli v Shkreli, 142 AD3d at 548), and the court declined to award the defendant any distribution of the plaintiff's master's degree, which was also earned during the marriage. Accordingly, we modify the judgment by deleting the provision awarding the plaintiff $25,000 as and for her interest in the defendant's MBA degree.
The defendant's contentions concerning child support and reimbursement for certain improvements he made on the New Rochelle property, raised for the first time on appeal, are not properly before this Court. The defendant's remaining contentions are without merit.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court