Ferrante v Ferrante (2020 NY Slip Op 04459)





Ferrante v Ferrante


2020 NY Slip Op 04459


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-00275
 (Index No. 5820/12)

[*1]Silvana Ferrante, respondent, 
v
Joseph Ferrante, appellant.


Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for appellant.
Castrovinci & Mady, Smithtown, NY (Philip J. Castrovinci and Debora Shamoilia of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Suffolk County (Carol B. MacKenzie, J.), dated December 14, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated September 15, 2016, made after a nonjury trial, (1) directed the defendant to pay to the plaintiff the sum of $508,918.30, representing a share of funds paid to the defendant's mother on certain promissory notes, (2) awarded the plaintiff the sums of $14,195 and $51,000, representing a share of the defendant's interest in two businesses, (3) failed to award the defendant a separate property credit on the marital residence, (4) directed that the defendant pay to the plaintiff the sum of $27,500, representing funds that he withdrew from the parties' home equity line of credit account, and (5) awarded the plaintiff maintenance in the sum of $5,000 per month until she reaches the age of 66 years.
ORDERED that the judgment of divorce is modified, on the law, by (1) deleting the provision thereof directing the defendant to pay to the plaintiff the sum of $508,918.30, and (2) adding a provision thereto stating that the defendant's obligation to pay maintenance shall terminate upon the death of either party or upon the plaintiff's remarriage; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on September 25, 1993, and the plaintiff commenced this action for a divorce and ancillary relief on March 16, 2012. During the marriage, the defendant was associated with three businesses—Unique Sanitation (hereinafter Unique), U-Need-A-Roll Off (hereinafter Roll), and Paragon Recycling (hereinafter Paragon)—all founded by his father. The defendant owned shares in Unique and Paragon and the defendant's brother owned shares in Roll and Paragon. In 2004 and 2007, the defendant's parents created two trusts, into which they placed the remaining shares of Unique and Roll, which they owned, and named the defendant and his brother as beneficiaries. The defendant's father served as the trustee. In 2004, when the trust was first created, the trustee executed a promissory note promising to pay the defendant's mother a certain sum. The trustee executed a second promissory note in favor of the defendant's mother in 2010. Monthly payments were made on the notes from the income from the businesses.
A nonjury trial was held on the issues of maintenance and equitable distribution of [*2]the marital property. The Supreme Court rendered a judgment, upon a decision after trial, which, inter alia, directed the defendant to pay to the plaintiff the sum of $508,918.30, representing 50% of the payments made on the promissory notes, and awarded the plaintiff the sums of $14,195 and $51,000, representing a share of the defendant's interests in Unique and Paragon, respectively. The court also declined to award the defendant a separate property credit on the marital residence and directed that the defendant pay to the plaintiff the sum of $27,500, representing funds that he withdrew from the parties' home equity line of credit account. Finally, the court awarded the plaintiff maintenance in the sum of $5,000 per month until she reaches the age of 66 years. The defendant appeals.
Contrary to the Supreme Court's determination, the plaintiff was not entitled to equitable distribution of funds used to pay the promissory notes to the defendant's mother. The plaintiff did not demonstrate that the notes were paid with marital funds (cf. Iarocci v Iarocci, 98 AD3d 999; Micha v Micha, 213 AD2d 956). Moreover, she failed to demonstrate that payment of the notes constituted wasteful dissipation of marital assets (see Spera v Spera, 71 AD3d 661, 664). Contrary to the plaintiff's contention, there was no evidence that the defendant's income from the businesses decreased in light of the payments or that his income from the businesses would have increased had the payments not been made. Accordingly, the defendant should not have been directed to pay to the plaintiff the sum of $508,918.30.
However, the Supreme Court providently exercised its discretion in awarding the plaintiff a share of the defendant's interests in Unique and Paragon. "Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property" (Massimi v Massimi, 35 AD3d 400, 402 [internal quotation marks omitted]; see Fields v Fields, 15 NY3d 158, 163). Here, the defendant's self-serving testimony, without more, that the shares of Unique and Paragon that he acquired during the marriage were gifts was insufficient to overcome the marital property presumption (see Bernard v Bernard, 126 AD3d 658, 659).
"[W]here one spouse contributed monies derived from separate property toward the acquisition of the marital residence," he or she generally will receive "a credit for that contribution" (Fields v Fields, 15 NY3d at 166). "The contributing spouse does not meet the burden of establishing the value of a separate property contribution if he or she offers only his or her own testimony in support of the claim or he or she does not trace the source of the alleged separate property" (Shkreli v Shkreli, 142 AD3d 546, 548). Here, since the defendant only offered his own testimony in support of his claim of a separate property contribution to the marital residence and did not trace the source of the funds, the Supreme Court properly declined to credit him for his alleged separate property contribution (see Horn v Horn, 145 AD3d 666, 667; Shkreli v Shkreli, 142 AD3d at 548).
We agree with the Supreme Court's determination directing the defendant to pay to the plaintiff the sum of $27,500, as he withdrew that amount from the parties' home equity line of credit account after the commencement of the action in order to satisfy his obligation to pay the plaintiff's counsel fees and to pay for his own counsel fees (see DiLascio v DiLascio, 170 AD3d 804, 806; Hymowitz v Hymowitz, 119 AD3d 736, 742; cf. Mosso v Mosso, 84 AD3d 757, 760).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff the sum of $5,000 per month in maintenance until she reaches the age of 66 years. "The amount and duration of maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts" (Beyel v Beyel, 173 AD3d 1129, 1129-1130; see DiLascio v DiLascio, 170 AD3d at 807). "Factors to be considered include the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance'" (Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1350, quoting Repetti v Repetti, 147 AD3d 1094, 1096-1097). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough [*3]time to become self-supporting" (DiLascio v DiLascio, 170 AD3d at 807). Further, " [a] court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed'" (Castello v Castello, 144 AD3d 723, 725, quoting Scammacca v Scammacca, 15 AD3d 382, 382). "The trial court is afforded considerable discretion in determining whether to impute income to a [party], and the court's credibility determinations will be accorded deference on appeal" (Castello v Castello, 144 AD3d at 725 [citations and internal quotation marks omitted]; see Marin v Marin, 148 AD3d 1132, 1134).
Here, the Supreme Court did not improvidently exercise its discretion in imputing $300,000 per year in income to the defendant, as his testimony regarding his income was not credible (see Scammacca v Scammacca, 15 AD3d 382). Further, we agree with the court's determination, upon its consideration of all of the relevant factors, especially, the defendant's property and earning capacity, the plaintiff's health issues, and the parties' standard of living during the marriage, that the plaintiff should receive maintenance until she reaches the age of 66 (see Brendle v Roberts-Brendle, 169 AD3d 752, 753; Brinkmann v Brinkmann, 152 AD3d 637, 638). However, the court should have included a provision that the award of maintenance shall terminate upon the death of either party or the plaintiff's remarriage (see Domestic Relations Law § 236[B][6][f][3]; Skladanek v Skladanek, 60 AD3d 1035, 1037).
The defendant's contention that he was entitled to a credit for post-commencement pay down of the parties' mortgage is not properly before this Court as it is improperly raised for the first time on appeal.
The defendant's remaining contention is without merit.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court