Matter of JPMorgan Chase Bank, N.A. (Smith) (2020 NY Slip Op 07065)





Matter of JPMorgan Chase Bank, N.A. (Smith)


2020 NY Slip Op 07065


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-00736
2018-05106 
 (Index No. 27940/08)

[*1]In the Matter of JPMorgan Chase Bank, N.A., etc., respondent; Russell Smith, objectant, Patricia Downs, et al., objectants-appellants; Marisa Falero, nonparty-appellant. (Appeal No. 1.)
In the Matter of JPMorgan Chase Bank, N.A., etc., respondent-appellant; Russell Smith, respondent, Patricia Downs, et al., appellants-respondents, Lisa Kyle, nonparty-appellant-respondent. (Appeal No. 2.)


Marisa Falero, Brooklyn, NY, nonparty-appellant pro se and for objectants-appellants Patricia Downs and Barbara Perry in Appeal No. 1, and for appellants-respondents and nonparty-appellant-respondent in Appeal No. 2.
Hahn & Hessen LLP, New York, NY (Zachary G. Newman and Stephen J. Grable of counsel), for respondent in Appeal No.1 and respondent-appellant in Appeal No. 2.
In a proceeding to judicially settle an account, (1) the objectants Patricia Downs and Barbara Perry, and their attorney, nonparty Marisa Falero, appeal from a decision of the Supreme Court, Kings County (Genine D. Edwards, J.), dated November 27, 2017, and (2) the objectants Patricia Downs and Barbara Perry and nonparty Lisa Kyle appeal, and the petitioner cross-appeals, from a money judgment of the same court dated March 15, 2018. The money judgment, insofar as



DECISION & ORDER
appealed from, upon an order of the same court dated April 4, 2017, and the decision, is in favor of the petitioner and against the objectants and nonparty Lisa Kyle in the principal sum of $40,183.25. The money judgment, insofar as cross-appealed from, failed to name the objectants' attorney, nonparty Marisa Falero, as a judgment debtor.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the money judgment is modified, on the law and the facts, (1) by adding Marisa Falero as a jointly and severally liable judgment debtor, and (2) by reducing the amount awarded to the petitioner payable by Patricia Downs, Barbara Perry, Lisa Kyle, and Marissa Falero as costs in the form of reimbursement for actual expenses reasonably incurred and [*2]reasonable attorney's fees from the principal sum of $40,183.25 to the principal sum of $35,183.25; as so modified, the money judgment is affirmed insofar as appealed from, without costs or disbursements.
In October 2008, the petitioner, JPMorgan Chase Bank, N.A. (hereinafter JPMorgan), commenced this proceeding to judicially settle a trust account. This proceeding was related to a proceeding commenced pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of an alleged incapacitated person, who was the last income beneficiary of the trust (hereinafter underlying guardianship proceeding). The underlying guardianship proceeding was entitled Matter of Marion C.W. (Lisa K.), and had been commenced in the Supreme Court, Kings County, under Index No. 100303/07. Russell Smith, Patricia Downs, and Barbara Perry (hereinafter collectively the objectants), the petitioners in the underlying guardianship proceeding, and remainder beneficiaries of the trust, are the objectants in this proceeding. Nonparty Lisa Kyle was also a petitioner in the underlying guardianship proceeding.
In an order dated November 2, 2012, in the underlying guardianship proceeding, the Supreme Court, among other things, granted that branch of JPMorgan's cross motion which was to enjoin the objectants and Kyle from, inter alia, filing further motions or commencing new proceedings regarding the alleged incapacitated person or the trust without leave of the court (hereinafter the filing injunction). This Court, inter alia, affirmed so much of the November 2, 2012 order as granted that branch of JPMorgan's cross motion which was for the filing injunction (see Matter of Marion C.W. [Lisa K.], 135 AD3d 777, 779).
Thereafter, in this proceeding, the objectants and Kyle moved, inter alia, to strike the note of issue filed by JPMorgan on July 14, 2016. JPMorgan cross-moved, among other things, for the imposition of sanctions against the objectants and Kyle for their violation of the filing injunction and pursuant to 22 NYCRR 130-1.1(a) for an award of costs and attorney's fees. In an order dated April 4, 2017, the Supreme Court, among other things, denied the motion of the objectants and Kyle on the ground that they failed to comply with the filing injunction and granted that branch of JPMorgan's cross motion which was pursuant to 22 NYCRR 130-1.1(a) for an award of costs and attorney's fees, directing a hearing on the issue of attorney's fees reasonably incurred by JPMorgan to be paid by the objectants and their counsel, nonparty Marisa Falero, and Kyle. After a hearing on the issue of attorney's fees, the court issued a decision dated November 27, 2017, finding that the amount of costs and attorney's fees incurred by JPMorgan was reasonable. Thereafter, the court
entered a money judgment, upon the order dated April 4, 2017, and the decision, in favor of JPMorgan and against the objectants and Kyle in the principal sum of $40,183.25.
"The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for . . . reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1[a]). Here, contrary to the contentions of the objectants and Kyle, the Supreme Court providently exercised its discretion in granting that branch of JPMorgan's cross motion which was pursuant to 22 NYCRR 130-1.1(a) for an award of costs and attorney's fees. The record demonstrated that the objectants and Kyle engaged in frivolous conduct by repeatedly violating the filing injunction and that their conduct could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (see 22 NYCRR 130-1.1[c]; Greene v Rachlin, 154 AD3d 814, 817; Weissman v Weissman, 116 AD3d 848, 849).
However, the Supreme Court improvidently exercised its discretion in awarding JPMorgan costs and attorney's fees in the sum of $40,183.25. The award included $5,000 in estimated charges, not attorney's fees actually incurred (see Matter of Jagnarain v Aponte, 158 AD3d 628, 629; RAD Ventures Corp. v Artukmac, 31 AD3d 412, 414). Consequently, we modify the money judgment by reducing the award of costs and attorney's fees to JPMorgan from the principal sum of $40,183.25 to the principal sum of $35,183.25.
When there is an inconsistency between a judgment and the decision or order upon which it is based, the decision or order controls" (Mejia v Mejia, 106 AD3d 786, 788; see CPLR 5019[a]; Shkreli v Shkreli, 142 AD3d 546, 549). Here, in its order dated April 4, 2017, the Supreme Court, inter alia, granted that branch of JPMorgan's cross motion which was for an award of costs and attorney's fees against the objectants and their counsel, nonparty Marisa Falero, and Kyle. However, the money judgment failed to include Falero as a jointly and severally liable judgment debtor and must be modified to include such a provision. Accordingly, we also modify the money judgment by adding Falero as a jointly and severally liable judgment debtor.
The objectants' remaining contentions are without merit.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court