Handakas v Handakas (2021 NY Slip Op 04217)





Handakas v Handakas


2021 NY Slip Op 04217


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-06799
2018-06938
2018-06940
2018-06941
2018-07010
2019-01128
 (Index No. 12964/98)

[*1]Vassilios Handakas, appellant, 
v
Lola Handakas, respondent. Genevieve Lane LoPresti, Seaford, NY, for appellant.


Law Offices of Kenneth J. Weinstein, P.C., Garden City, NY (Katharine D'Alessandro of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), dated April 4, 2018, (2) four money judgments of the same court, all entered April 10, 2018, and (3) stated portions of an amended judgment of divorce of the same court, also entered April 10, 2018. The order, insofar as appealed from, granted the defendant's motion for a renewal judgment, denied that branch of the plaintiff's motion which was to set aside a prior equitable distribution determination, and granted that branch of the defendant's cross motion which was for an award of attorney's fees in the principal sum of $15,000 based on frivolous conduct. The first money judgment, upon a decision and order (one paper) of the same court dated November 14, 2017, made after a nonjury trial, is in favor of the defendant and against the plaintiff in the principal sum of $34,000. The second money judgment, upon the decision and order dated November 14, 2017, is in favor of the defendant and against the plaintiff in the principal sum of $10,000. The third money judgment, upon the decision and order dated November 14, 2017, is in favor of the defendant and against the plaintiff in the principal sum of $497,888.80. The fourth money judgment, upon the decision and order dated November 14, 2017, is in favor of the defendant and against the plaintiff in the principal sum of $475,000. The amended judgment of divorce, upon the order dated April 4, 2018, inter alia, directed the County Clerk of the County of Nassau to enter a renewal judgment in favor of the defendant and against the plaintiff in the principal sum of $359,491.84.
ORDERED that the appeal from the order dated April 4, 2018, is dismissed, without costs or disbursements; and it is further,
ORDERED that the money judgments are affirmed, without costs or disbursements.
ORDERED that the amended judgment of divorce is modified, on the law, by deleting the provision thereof directing the County Clerk of the County of Nassau to enter a renewal judgment in favor of the defendant and against the plaintiff in the principal sum of $359,491.84; as [*2]so modified, the amended judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, the defendant's motion for a renewal judgment is denied, and the order dated April 4, 2018, is modified accordingly.
The appeal from the order dated April 4, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment of divorce (see CPLR 5501[a][1]).
The plaintiff commenced this action for a divorce and ancillary relief in 1998. The plaintiff defaulted in appearing at an inquest on, inter alia, financial issues, held in March 2001. A judgment of divorce was entered on March 27, 2002. In 2005, the plaintiff moved pursuant to CPLR 5015 to vacate the judgment of divorce due to the fact that at the time of the inquest, he was incarcerated in connection with a federal mail fraud conviction. In 2006, the Supreme Court vacated all portions of the judgment of divorce, except for the portions related to the grounds for divorce. A trial was held on two dates, September 9, 2014, and September 26, 2016, at which the defendant was the only witness. Although the plaintiff was present on each date of the trial, he did not testify. In a decision and order after trial dated November 14, 2017, the court, inter alia, determined that the parties' marital assets included the marital home valued at $1,105,695.70, the sum of $950,000 in marital funds that the plaintiff attempted to secret from the defendant by wire transfers to Greece, the sum of $100,082 seized from the plaintiff when he was arrested at the airport while attempting to leave the country, the sum of $350,000 that the plaintiff forfeited to the federal government in connection with his criminal conviction, and the sum of $60,000 from the sale of a boat. The court determined that the defendant was entitled to 50% of these marital assets, less $310,000 for sums she had already received, for a total distributive award of $972,888.80.
After the trial but before an amended judgment of divorce was entered, in an order dated April 4, 2018, the Supreme Court, inter alia, granted the defendant's motion, made by order to show cause dated December 12, 2017, for a renewal judgment in favor of the defendant and against the plaintiff in the principal sum of $359,491.84 for pendente lite arrears. The court also denied the plaintiff's motion, among other things, to set aside the court's equitable distribution determination on the ground that he was not present for the trial. Noting that the plaintiff was in fact present for the trial, the court found the plaintiff's motion to be frivolous, and awarded the defendants' attorney the sum of $15,000 in attorney's fees for the costs of opposing the motion.
An amended judgment of divorce was entered on April 10, 2018. On the same date, the Supreme Court also entered four money judgments in favor of the defendant and against the plaintiff representing, inter alia, the distributive award to the defendant, in the principal sums of $34,000, $10,000, $497,888.80, and $475,000, respectively. The plaintiff appeals.
"The trial court is vested with broad discretion in making an equitable distribution of marital property and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Saleh v Saleh, 40 AD3d 617, 617-618 [internal quotation marks omitted]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (Linenschmidt v Linenschmidt, 163 AD3d 949, 950). The record supports the Supreme Court's determination as to which assets constituted the marital estate, and the court providently exercised its discretion in awarding the defendant 50% of such assets, less certain sums for payments she had already received (see Marino v Marino, 183 AD3d 813, 819). The plaintiff, who did not testify at the trial, failed to meet his burden of establishing that any portion of the value of the marital home was separate property (see Ferrante v Ferrante, 186 AD3d 566, 568). Likewise, the plaintiff failed to establish that certain additional assets, including a wine collection, a cigar collection, jewelry, clothing, and jet skis, were part of the marital estate and were, therefore, subject to equitable distribution.
The plaintiff's contention that the defendant's testimony at trial violated the spousal privilege set forth in CPLR 4502(b) is unpreserved for appellate review.
The Supreme Court providently exercised its discretion in awarding the defendant's attorney the principal sum of $15,000 in attorney's fees for opposing the plaintiff's frivolous motion, inter alia, to set aside the court's equitable distribution determination (see Levi v Levi, 186 AD3d 1628, 1631).
However, the Supreme Court erred in granting the defendant's motion for a renewal judgment. As the plaintiff correctly contends, the defendant was required to seek such relief by commencing a separate action, rather than by motion in the original action, and her failure to do so required denial of her motion for the renewal judgment (see CPLR 5014; Guerra v Crescent St. Corp., 120 AD3d 754).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court