US Bank N.A. v Fink (2022 NY Slip Op 03924)

US Bank N.A. v Fink

2022 NY Slip Op 03924

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2018-12025
 (Index No. 32317/09)

[*1]US Bank National Association, etc., respondent,
v
Hindy Fink, appellant, et al., defendants.

Solomon Rosengarten, Brooklyn, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hindy Fink appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 9, 2018. The order granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Hindy Fink, and, in effect, denied that defendant's cross motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Hindy Fink is denied, that defendant's cross motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against her is granted, and an order of the same court dated July 22, 2019, is vacated.
On December 18, 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Hindy Fink (hereinafter the defendant). Thereafter, during the 120-day period allowed under CPLR 306-b, the plaintiff attempted to serve the defendant at various, different addresses. After the expiration of the 120-day period, which occurred in April 2010, and without first seeking an extension of time to serve the defendant pursuant to CPLR 306-b, the plaintiff purportedly effected service upon the defendant on August 11, 2010.
Nearly four years later, in May 2014, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. By order dated August 5, 2015, the Supreme Court denied the plaintiff's motion on the ground that the plaintiff served the motion papers upon the defendant at the wrong address. In May 2017, the court denied the plaintiff's renewed motion, among other things, for leave to enter a default judgment against the defendant and for order of reference on the ground that service of the summons and complaint upon the defendant had not been effectuated within 120 days of commencement of the action as required by CPLR 306-b.
On January 10, 2018, more than 7½ years after the expiration of the 120-day service period, the plaintiff moved, inter alia, pursuant to CPLR 306-b for an extension of time to serve the defendant. The defendant cross-moved pursuant to CPLR 306-b to dismiss the complaint insofar [*2]as asserted against her. The Supreme Court granted that branch of the plaintiff's motion, and, in effect, denied the defendant's cross motion. We reverse.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see id.). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id.). "Good cause" and "interest of justice" are two separate and independent statutory standards (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31).
To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Bumpus v New York City Tr. Auth., 66 AD3d at 31). The interest of justice standard is a broader standard "to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089). In deciding whether to grant a motion to extend the time for service in the interest of justice, the court must carefully analyze "the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see HSBC Bank USA, N.A. v Lev, 181 AD3d 938, 940; BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998).
Contrary to the Supreme Court's determination, the plaintiff failed to establish that an extension of time to serve the defendant was warranted in the interest of justice. The plaintiff failed to offer any reasonable excuse for its delay of more than 7½ years in moving to extend the time to serve the defendant, after the expiration of the 120-day service period (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107; BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d at 999). Moreover, even after the court denied the plaintiff's motion, among other things, for leave to enter a default judgment against the defendant on the ground that the defendant had not been timely served, the plaintiff delayed another eight months before seeking the extension of time (see JPMorgan Chase Bank N.A. v Kelleher, 188 AD3d 1484, 1486, affd 37 NY3d 1038; Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1146).
Although the statute of limitations had expired by the time the plaintiff moved for an extension of time to effectuate service, a factor that usually would weigh in the plaintiff's favor, the record demonstrates that the lengthy delay in this action was attributable to the plaintiff's overall extreme lack of diligence (see Slate v Schiavone Constr. Co., 4 NY3d 816; Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012; JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d 904, 906; JPMorgan Chase Bank N.A. v Kelleher, 188 AD3d at 1486; Federal Natl. Mtge. Assn. v Cassis, 187 AD3d at 1146; Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 959; BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d at 999).
Moreover, there is no evidence that the defendant had actual notice of the action against her within the 120-day service period (see HSBC Bank USA, N.A. v Lev, 181 AD3d 938; Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 959), and the plaintiff failed to rebut the inference of substantial prejudice to the defendant that arose due to its protracted delay in this action (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107; BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d at 999).
Given the plaintiff's extreme lack of diligence in seeking an extension of time to serve the defendant, the plaintiff also failed to show good cause for an extension (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743-744; Hobbins v North Star Orthopedics, [*3]PLLC, 148 AD3d 784, 787-788; Wilkins v Burgess, 25 AD3d 794, 795).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend its time to serve the summons and complaint upon the defendant, and should have granted the defendant's cross motion pursuant to CPLR 306-b to dismiss the complaint.
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court