■ RALPH PEZZULLO, Appellant, v ALICE PALMISANO, Respondent, [689 NYS2d 500] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about February 9, 1998, which, insofar as appealed from as limited by plaintiff ex-husband's brief, granted defendant ex-wife's motion to confirm a Special Referee's report recommending that she have judgment against the husband for $11,655 representing one-half of the expenses she incurred in providing for the after-school and summer activities of the parties' two children between January 1994 and June 1996, unanimously affirmed, without costs.

Since the parties' separation agreement required only that the husband be consulted regarding the children's after-school

and summer activities before becoming obligated to pay one-half of the cost of such activities, and since the record supports a finding that there was, at the least, "some kind of discussion" between the parties on those subjects, the motion court properly confirmed the Special Referee's finding that the obligation to consult was satisfied (*see, Siegel v Siegel,* 122 Misc 2d 932; *Kardanis v Velis,* 90 AD2d 727). The record also supports the findings that, as required by the separation agreement, the expenses in question were reasonable and that the husband can afford to pay one-half thereof. In the latter regard, the husband's financial wherewithal was properly assessed on the basis of the financial statement he swore to in connection with the purchase of a cooperative apartment with his second wife (*see, Capasso v Capasso,* 119 AD2d 268, 272), and his explanation that he inflated his income in that statement in order to secure the apartment was properly rejected (*see, Ledwith v Sears, Roebuck & Co.,* 231 AD2d 17, 27-28). We have considered the husband's other arguments and find them to be unpersuasive. Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ.