■ PAMELA S. FERRAIOLI, Appellant, v JOSE E. FERRAIOLI, Respondent. [744 NYS2d 34] —Order, Supreme Court, New York County (Marjory Fields, J.), entered May 24, 2001, which, after a nonjury trial on the severed issue of equitable distribution, distributed the parties' marital assets, unanimously reversed, on the law, without costs, and the matter remanded to another justice for further proceedings.

Three years after their 1986 marriage, plaintiff and defen-

dant relocated to London when defendant became chief counsel for an international firm. Apparently to induce plaintiff to remain married, move from New York and forgo pursuit of her own career, the parties, each represented by counsel, entered into a postnuptial agreement which, among other things, required defendant, in the event of a divorce, to: (1) make substantial payments to plaintiff, (2) pay all marital debts, (3) maintain medical and dental insurance and pay unreimbursed medical expenses for a specified period, (4) pay legal and accounting costs in connection with any divorce or proceeding to enforce the agreement, and (5) divide the parties' property as the agreement specified. The parties separated in April 1998 and within a few weeks, this matrimonial action was commenced. At trial, plaintiff sought to have the postnuptial agreement admitted into evidence. Defendant objected to its admission on the ground of incompleteness, namely that plaintiff's net worth statement, referred to in the agreement, was not attached to the original. The objection was sustained and the court subsequently refused to admit a photocopy of such attachment on alternative grounds that plaintiff had failed to satisfactorily demonstrate an excuse for the inability to produce the original attachment and that the photocopy was unreliable. The trial court erred since the postnuptial agreement should have been admitted.

An original writing must be placed in evidence when a party seeks to establish the contents of such writing (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639). If a writing is collateral to the issue to be proven, the best evidence rule does not require its production (*Grover v Morris*, 73 NY 473, 480). By the same token, a document is not subject to the best evidence rule although related to an original writing subject to the best evidence rule if it does not vary the terms of the original (*Kelly v Crawford*, 72 US 785, 789; 7 Wigmore, Evidence § 2104 [Chadbourn rev 1978]). A postnuptial agreement which provides for specific equitable distribution and which meets certain statutory requirements is valid and enforceable (Domestic Relations Law § 236 [B] [3]; *Matisoff v Dobi*, 90 NY2d 127, 132). Plaintiff's statement of net worth did not vary the terms of the postnuptial agreement. Defendant had not made any claim that plaintiff had failed to disclose or had concealed income or resources in connection with the postnuptial agreement. Indeed, the trial court found plaintiff's statement of net worth only relevant to defendant's affirmative defense of duress. That defense, however, was unrelated to plaintiff's statement of net worth since it was premised on plaintiff's threat to "commence an ugly transatlantic divorce action, forc-

ing defendant to return to New York to litigate unless defendant gave into" plaintiff's demands as incorporated into the postnuptial agreement. While the terms of the postnuptial agreement were relevant to this affirmative defense, the appended statement of net worth was incidental and collateral to defendant's claim of duress. The postnuptial agreement should have been admitted into evidence.

The trial court also erred in valuing the Schwab securities account as of the trial date. Assets subject to equitable distribution may be classified as either "active" or "passive" for purposes of determining the appropriate date of valuation with the former valued as of action commencement and the latter valued as of the trial date. "[C]ourts have consistently recognized that assets such as undeveloped real estate or mutual funds, which appreciate in value strictly as a result of random market fluctuations or the efforts of others, constitute passive assets, while assets that appreciate due to the efforts of the titled spouse are active [citations omitted]" (*Greenwald v Greenwald*, 164 AD2d 706, 716, *lv denied* 78 NY2d 855). Here, defendant is the titled spouse and the record reflects that he traded stocks in this account on a daily basis. Pursuant to an agreement of the parties, defendant was not able to make withdrawals from this account during the pendency of this proceeding. While the account sustained significant losses during a period of time when the overall stock market declined, defendant made all transaction decisions reflecting his own investment strategies, rendering this asset "active" and properly valued as of the date of proceeding commencement. The fact that defendant was unable to withdraw funds from this account as a result of a stipulation with plaintiff is irrelevant to the proper characterization of this asset. That stipulation confirmed defendant's ability to control investment decisions and, when coupled with record evidence of his trading history, documents the active nature of this asset. Plaintiff exercised no control whatsoever over this asset and should not be charged with any loss, just as she would not have been entitled to share in any increase in value. Concur—Williams, P.J., Saxe, Buckley, Sullivan and Ellerin, JJ.