■ EUGENIE ANNIBAFFA, Appellant, v HUBERT ANNIBAFFA, Respondent. [826 NYS2d 189]—

Order, Supreme Court, Bronx County (John Ostermann, Special Referee), entered March 14, 2006, which granted defendant husband an equitable share of the marital estate, including plaintiff wife's employee pension/annuity plans and the marital residence, unanimously modified, on the law, the matter remanded to the Special Referee for further proceedings in accordance herewith, and otherwise affirmed, without costs.

Defendant's motion for reargument was properly granted, even though untimely (*Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]), because the court had overlooked facts offered on his prior motion to vacate the default judgment of divorce, specifically, his lack of notice of the equitable distribution hearing. This was not a frivolous motion warranting sanctions. Nonetheless, the case should be remanded because the Referee failed to evaluate the marital property sufficiently (*Capasso v Capasso*, 119 AD2d 268 [1986]), or to set a valuation date on the property (Domestic Relations Law § 236 [B] [4] [b]). Concur—Tom, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.

■ FELIPE RODRIGUEZ, Appellant, v JEANETTE J. HERBERT et al., Respondents. [825 NYS2d 37]—Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 24, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Even though the time plaintiff spent under treatment by different physicians after his accident exceeds 90 days, he failed to establish, by competent medical evidence, that during this period he was prevented from performing substantially all of the material acts constituting his customary daily activities during at least 90 of the first 180 days following the accident (Insurance Law § 5102 [d]; *see Thompson v Abbasi*, 15 AD3d 95, 100-101 [2005]). Plaintiff's deposition testimony excerpts are insufficient to raise a triable issue of fact. Concur—Tom, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.