■ JAMES KALOUSDIAN, Appellant, v DENISE KALOUSDIAN, Respondent. [827 NYS2d 250]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated September 8, 2005, as granted that branch of the defendant's motion which was pursuant to CPLR 3124 to compel him to disclose financial documents and records concerning the appreciation in value of his interests in his separate property, including the entities known as Haig Press, Inc., and Haig Realty Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3124 to compel the plaintiff to disclose financial documents and records concerning the appreciation in value of his interests in his separate property, including the entities known as Haig Press, Inc., and Haig Realty Corp., is denied.

The parties entered into a prenuptial agreement which, among other things, defined the scope of their separate and marital properties. Taking the position, inter alia, that the prenuptial agreement entitled her to a share of the appreciation in value, if any, of the plaintiff's separate property, including his interests in the corporations known as Haig Press, Inc., and Haig Realty Corp., the defendant sought disclosure from the plaintiff of financial documents that would assist her in the valuation of those assets. The plaintiff took a contrary position. The defendant moved, inter alia, to compel the disclosure under CPLR 3124. The Supreme Court granted that branch of the motion. We reverse.

"Duly executed prenuptial agreements are accorded the same presumption of legality as any other contract" (*Bloomfield v Bloomfield,* 97 NY2d 188, 193 [2001]). As with all contracts, it is assumed that "a deliberately prepared and executed agreement reflects the intention of the parties," and, generally speaking, the court may consider the parties' intent "only to the extent that it is evidenced by their writing" (*id.* at 193; *see Cappelli v Cappelli,* 286 AD2d 359, 360 [2001]). A court is not to search for evidence of the parties' intent outside of the contract, or read it so as to distort its apparent meaning (*id.*).

Here, the appreciation in value of Haig Press, Inc., and Haig Realty Corp., if any, was included within the scope of the plaintiff's separate property as defined by the prenuptial agreement. We reject the defendant's contention that section 6 of the

prenuptial agreement, and in particular section 6.1.2 (g), accords her the right to a share in the appreciation in value of the plaintiff's separate property. Accordingly, the Supreme Court erred in granting that branch of the motion which was to compel the disclosure.

The defendant's contention raised in point II of her brief is based upon matter dehors the record and, therefore, cannot be considered on this appeal (*see Young v Tseng*, 23 AD3d 552 [2005]). Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.