MANFRED D. EPSTEIN, Respondent, v JOAN A. MESSNER, Appellant. [900 NYS2d 454]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Kent, J.), entered

December 24, 2008, which, upon a decision of the same court dated October 24, 2008, made after a nonjury trial, inter alia, awarded the plaintiff one half of the income from an annuity that the defendant purchased from Lincoln Benefit Life, limited the plaintiff's liability for the attorney's fee awarded to nonparty 110 East 83rd Tenants' Corp., the defendant in an unrelated action, to 50% of the fees incurred by 110 East 83rd Tenants' Corp., on or before March 24, 2005, awarded the plaintiff the sum of $100,930 for marital funds allegedly dissipated by her, denied her request for maintenance, and failed to provide her a credit, for purposes of equitable distribution, for maintenance fees paid to 110 East 83rd Tenants' Corp. to maintain the marital residence.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion (1) by deleting from the fifth decretal paragraph thereof the words "the plaintiff is entitled to one-half of the income from the annuity. As of August of 2008, plaintiff is entitled to $15,680.00. The beneficiary of the annuity is the parties' daughter Alexis and," (2) by adding to the fifth decretal paragraph thereof after the phrase "plaintiff shall be designated as the beneficiary" the words "instead of the parties' daughter Alexis," (3) by deleting from the eighth decretal paragraph thereof the words "One-half the annuity income, as ofAuust2008 [sic]; $15,680.00," (4) by deleting from the eighth decretal paragraph thereof the sum of "$4,139.50" and substituting therefor the sum of "$11,540.50," (5) by deleting from the eighth decretal paragraph thereof the sum of "$159,639.50" and substituting therefor the sum of "$143,959.50," (6) by deleting from the eighth decretal paragraph thereof the words "Net amount due plaintiff" and substituting therefor the words "Net amount due defendant," and (7) by deleting from the eighth decretal paragraph thereof the words "The defendant is directed to pay to the plaintiff" and substituting therefor the words "The plaintiff is directed to pay to the defendant"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the amount of marital funds expended by the defendant that were used to pay maintenance expenses pertaining to the marital residence, to reduce the sum of $100,930 previously awarded to the plaintiff for marital funds dissipated by the defendant by an amount equal to one half of those maintenance expenses, and for the entry of an appropriate amended judgment.

The plaintiff and the defendant were married on December

26, 1975. During the marriage, the parties purchased a cooperative apartment in Manhattan at 110 East 83rd Street in a building owned by 110 East 83rd Tenants' Corp. (hereinafter Tenants' Corp.), where they both resided. In March 2001 the defendant commenced a separate action against, among others, Tenants' Corp., pertaining to a dispute that arose in connection with damages to the cooperative apartment (hereinafter the unrelated action). In April 2004 the plaintiff left the marital residence, where the defendant continued to reside and pay the monthly maintenance fees. In September 2004 the plaintiff commenced this action for divorce and ancillary relief.

Subsequently, after the Supreme Court, New York County, in an order dated March 24, 2005, inter alia, granted the motion of the defendants in the unrelated action for summary judgment dismissing the complaint, the defendant herein unilaterally continued to seek relief in that action. Sometime thereafter, the defendant was ordered to pay Tenants' Corp.'s attorney's fee in the unrelated action, in the approximate sum of $220,000.

At the time of this trial, the plaintiff's monthly income consisted of $1,500 in social security benefits and approximately $1,800 from an annuity with TIAA/CREF. The defendant's monthly income consisted of $796 in social security benefits and approximately $800 per month from an annuity with Lincoln Benefit Life (hereinafter the Lincoln annuity). The defendant testified at trial that since the commencement of this action, she spent the sum of $201,860 in marital funds. The defendant also sold, without the plaintiff's knowledge, certain marital property located at 179 South County Road in Remsenburg (hereinafter the Remsenburg property). The defendant used the net proceeds of that sale in the sum of $263,000 to pay certain expenses and invested the remaining sum of $180,000 to purchase the Lincoln annuity.

Expenses incurred prior to the commencement of an action for a divorce are marital debt to be equally shared by the parties upon an offer of proof that they represent marital expenses (*see* Domestic Relations Law § 236 [B] [1] [c]; *Dermigny v Dermigny*, 23 AD3d 429 [2005]; *Cabeche v Cabeche*, 10 AD3d 441 [2004]; *Phillips v Phillips*, 249 AD2d 527 [1998]). Expenses incurred after the commencement of an action for a divorce are, in general, the responsibility of the party who incurred the debt (*see Opperisano v Opperisano*, 35 AD3d 686 [2006]; *Prince v Prince*, 247 AD2d 457 [1998]). Where a party has paid the other party's share of what proves to be marital debt, reimbursement is required (*see Bogdan v Bogdan*, 260 AD2d 521 [1999]). The Supreme Court, however, is given broad discretion in allocating

the assets and debts of the parties to a marriage, and may consider the entirety of the marital estate in apportioning responsibility therefor (*see Corless v Corless*, 18 AD3d 493 [2005]).

Here, the Supreme Court providently exercised its discretion in limiting the plaintiff's liability for the attorney's fee awarded to Tenants' Corp. in the unrelated action to 50% of the fee incurred on or before March 24, 2005, the date of the order granting the defendants' motion for summary judgment dismissing the complaint in the unrelated action, after which the plaintiff did not consent to continue litigating the underlying action. The Supreme Court, however, should not have awarded the plaintiff one half of the income from the Lincoln annuity in light of it also having directed the defendant to pay the plaintiff his one-half interest in the net proceeds of the sale of the Remsenburg property which was used by the defendant to purchase the annuity.

The party alleging that his or her spouse has engaged in wasteful dissipation of marital assets bears the burden of proving such waste by a preponderance of the evidence (*see Solomon v Solomon*, 307 AD2d 558, 561 [2003]; *Strang v Strang*, 222 AD2d 975, 978 [1995]; *Reidy v Reidy*, 136 AD2d 614, 615 [1988]). The record does not support the Supreme Court's conclusion that the defendant wastefully dissipated the entire sum of $201,860 in marital funds, which she conceded having spent in the approximately three years between the time when the action was commenced and the trial. The defendant's use of marital assets to pay the maintenance fees for the cooperative apartment did not constitute a dissipation of marital assets (*see Corless v Corless*, 18 AD3d at 494; *Gonzalez v Gonzalez*, 291 AD2d 373, 374 [2002]; *Harbour v Harbour*, 227 AD2d 882, 883-884 [1996]). Thus, we remit the matter to the Supreme Court, Suffolk County, to determine how much of the marital funds expended by the defendant were used for maintenance expenses pertaining to the marital residence, to reduce the sum of $100,930 previously awarded to the plaintiff for marital funds dissipated by the defendant by an amount equal to one half of those maintenance expenses, and to amend the judgment accordingly.

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.