■ HELEN SOGOLOFF, Respondent-Appellant, v DIMITRI SOGOLOFF, Appellant-Respondent. [2 NYS3d 106]—

Judgment, Supreme Court, New York County (Louis Crespo, Special Referee), entered September 26, 2013, among other things, awarding plaintiff wife an equal share of the proceeds from the sale of the parties' stock investment in Paladyne Systems, Inc., valuing defendant husband's enhanced earnings capacity at $962,800, imputing income to defendant of $675,000, valuing defendant's ownership interest in Horton Point at $539,000, reducing by $250,000 the value of the parties' marital investment in the Gallery QMS Fund, and valuing plaintiff's

enhanced earnings capacity at $909,000, unanimously modified, on the law, to increase the value of the parties' investment in the Gallery QMS Fund upward by $250,000, and otherwise affirmed, without costs.

The Special Referee properly found that the Gallery QMS Fund was an "active" asset to be valued as of the date of the commencement of this action (*see Greenwald v Greenwald*, 164 AD2d 706, 716 [1st Dept 1991], *lv denied* 78 NY2d 855 [1991]), since Horton Point, an entity owned and controlled by defendant, made all of the investment decisions regarding the fund (*see Ferraioli v Ferraioli*, 295 AD2d 268, 270 [1st Dept 2002]).

The Special Referee, however, improperly adjusted downward the value of the parties' investment in the Gallery QMS Fund, based on a misapprehension of defendant's trial testimony. Approximately six months after the commencement of the divorce action, defendant transferred $250,000 of marital funds to an ordinary brokerage account at Cantor Fitzgerald. The Special Referee stated that it credited defendant's testimony that the $250,000 was owed to Cantor Fitzgerald. However, there is no such testimony in the record. Therefore, the value of the parties' investment in the Gallery QMS Fund as of the date of the commencement of this action should be increased by $250,000, resulting in an additional $100,000 credit to plaintiff.

Even if defendant's service on the board of directors of Paladyne constitutes "active" involvement that contributed to the appreciation of Paladyne's stock (*see Hartog v Hartog*, 85 NY2d 36, 49 [1995]), the award to plaintiff of a 50% share of defendant's interest in Paladyne was nevertheless appropriate, given the 25-year duration of, and plaintiff's contributions to, the marriage (*see e.g. Williams v Williams*, 245 AD2d 49 [1st Dept 1997]).

There is no basis to disturb the Special Referee's findings as to defendant's enhanced earning capacity. Defendant's challenges to the methodology used by plaintiff's expert are unsupported. There is also no basis for disturbing the Special Referee's imputation of income to defendant of $675,000, given defendant's status as an experienced investment professional (*see Silverman v Silverman*, 304 AD2d 41, 50 [1st Dept 2003]), and given his past reported income and demonstrated earning potential (*see Viscardi v Viscardi*, 303 AD2d 401, 401 [2d Dept 2003]; *see also Pezzullo v Palmisano*, 261 AD2d 173, 174 [1st Dept 1999]). Nor is there any basis to disturb the Special Referee's valuation of defendant's interest in Horton Point (*see Burns v Burns*, 84 NY2d 369, 375 [1994]).

The Special Referee properly directed the parties to pay their

pro rata share of the tax consequences on the distribution of the Paladyne stock and AIM settlement proceeds (*Teitler v Teitler*, 156 AD2d 314, 316 [1st Dept 1989], *appeal dismissed* 75 NY2d 963 [1990]).

The Special Referee properly adopted the valuation of plaintiff's enhanced earning capacity based upon her potential full-time earnings, rather than her actual part-time earnings, given plaintiff's testimony that she is able to work full-time, but chooses not to do so (*see Spreitzer v Spreitzer*, 40 AD3d 840, 841 [2d Dept 2007]).

We have considered all other claims and find them unavailing. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Richter and Clark, JJ.