SECOND DEPARTMENT, MARCH, 2015

(March 4, 2015)

■ JEAN-LUC BERNARD, Respondent, v SORAYA MARIE CARMEL BERNARD, Appellant. [5 NYS3d 233]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Maron, J.), entered January 17, 2013, as, after a nonjury trial, directed the sale of the marital residence, directed the parties to share equally the net proceeds from the sale of a cooperative apartment, and allocated the marital debt on an equal basis.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

"The trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Saleh v Saleh*, 40 AD3d 617, 617-618 [2007] [internal quotation marks and cita-

tion omitted]; *see Aloi v Simoni*, 82 AD3d 683, 685 [2011]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the evaluation of the credibility of the witness[es] and the proffered items of evidence is committed to the sound discretion of the trial court, and its assessment of the credibility of witnesses and evidence is afforded great weight on appeal" (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009] [citations omitted]; *see Franco v Franco*, 97 AD3d 785, 786 [2012]).

"In determining whether the custodial parent should be granted exclusive occupancy of the marital home, the trial court should consider, inter alia, the needs of the children, whether the noncustodial parent is in need of the proceeds from the sale of that home, whether comparable housing is available to the custodial parent in the same area at a lower cost, and whether the parties are financially capable of maintaining the residence" (*McCoy v McCoy*, 117 AD3d 806, 809 [2014], citing *Graziano v Graziano*, 285 AD2d 488, 489 [2001]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in directing the sale of the marital residence (*see Blackman v Blackman*, 131 AD2d 801 [1987]; *cf. McCoy v McCoy*, 117 AD3d at 809; *Skinner v Skinner*, 241 AD2d 544, 545-546 [1997]).

Furthermore, the Supreme Court did not err in determining that the cooperative apartment was marital property. " 'Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property' " (*Hymowitz v Hymowitz*, 119 AD3d 736, 739 [2014], quoting *Judson v Judson*, 255 AD2d 656, 657 [1998]; *see Steinberg v Steinberg*, 59 AD3d 702, 704 [2009]; *D'Angelo v D'Angelo*, 14 AD3d 476, 477 [2005]; *Farag v Farag*, 4 AD3d 502, 503 [2004]). Here, although the defendant testified that the transfer of the cooperative apartment, which was made seven years after the parties' marriage, constituted a gift to her alone, she failed to adduce sufficient evidence to overcome the marital property presumption.

The defendant's remaining contention is without merit. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.