■ In the Matter of TRACY McNAIR, Appellant, v DANIEL J. FENYN, Respondent. [51 NYS3d 163]—

Appeal by the mother from an order of the Family Court, Westchester County (Gail B. Rice, J.), dated January 22, 2016. The order, insofar as appealed from, denied the mother's objections to so much of an order of the same court (Esther R. Furman, S.M.) dated July 24, 2014, as, after a hearing, denied those branches of her petition which were to recover from the father child support arrears and to be reimbursed by the father for college expenses paid by her.

Ordered that the order dated January 22, 2016, is affirmed insofar as appealed from, with costs.

In this support proceeding pursuant to Family Court Act article 4, the mother sought reimbursement for the father's share of college expenses she paid for the parties' two children pursuant to the parties' separation agreement. The expenses were paid by the mother from the children's 529 college savings accounts (see 26 USC § 529; hereinafter 529 accounts), to which the father regularly contributed. The mother contends that the father's contributions actually constituted his repayment of a loan she made to him from an inheritance from her father, and thus constituted her separate property. The mother also sought child support arrears. The father denied that the funds loaned to him were the wife's separate property, and instead contended that the funds he paid into the 529 accounts were in repayment of a loan of marital funds. He also contended that he paid all outstanding support arrears. The Support Magistrate credited the father's testimony in this regard, and the Family Court denied the mother's objections to the Support Magistrate's order.

Contrary to the mother's contention, the Family Court did not err in denying her objections to so much of the Support Magistrate's order as denied her request for reimbursement of

college expenses. Property acquired during the marriage is presumed to be marital property, and the party seeking to overcome this presumption bears the burden of proving that the property in dispute is separate property (*see Rosenberg v Rosenberg*, 145 AD3d 1052 [2016]; *Bernard v Bernard*, 126 AD3d 658 [2015]; *Hymowitz v Hymowitz*, 119 AD3d 736, 739 [2014]). Marital property is to be viewed broadly, while separate property is to be viewed narrowly, and where a party fails to trace sources of money claimed to be separate property, a court may treat it as marital property (*see Hymowitz v Hymowitz*, 119 AD3d at 740; *Spera v Spera*, 71 AD3d 661, 664 [2010]; *Steinberg v Steinberg*, 59 AD3d 702, 704 [2009]). Here, the mother failed to establish that the money used to fund the 529 accounts for each child originated from an inheritance from her father, and thus constituted her separate property pursuant to Domestic Relations Law § 236 (B) (1) (d) (1). There is no basis to disturb the court's determination as to the parties' credibility regarding the source of that money (*see generally Patete v Rodriguez*, 109 AD3d 595, 598 [2013]; *Tsigler v Kasymova*, 73 AD3d 1159, 1160 [2010]; *Carniol v Carniol*, 306 AD2d 366, 368 [2003]). Similarly, the mother failed to establish that the subject money was described as separate property by written agreement pursuant to Domestic Relations Law § 236 (B) (1) (d) (4).

Furthermore, the Family Court did not err in denying the mother's objections to so much of the Support Magistrate's order as denied her request for payment of child support arrears. The parties stipulated at the first hearing date as to payments that had been made on those arrears by the father. The father also testified at the second hearing date as to additional payments he had made since the first hearing date, which satisfied the arrears due and owing. The mother failed to rebut the father's testimony as to those additional payments, and we find no basis to disturb the court's determination as to the parties' credibility with regard to this issue.

The mother's remaining contentions are without merit. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.