Kaous v Kaous (2018 NY Slip Op 05835)





Kaous v Kaous


2018 NY Slip Op 05835


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-03961
 (Index No. 52818/11)

[*1]Julie Kaous, appellant, 
v
Adam Kaous, respondent.


Brooklyn Legal Services, Brooklyn, NY (Anna Maria Diamanti and Olga Ginzburg of counsel), for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Esther M. Morgenstern, J.), entered March 25, 2016. The judgment, insofar as appealed from, upon an order of the same court dated October 22, 2015, made after a nonjury trial, failed to equitably distribute an income tax refund deposited by the defendant into his individual bank account prior to the commencement of the action.
ORDERED that the judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2003 and have three children. On May 4, 2011, the plaintiff commenced an action for a divorce and ancillary relief against the defendant. Thereafter, the plaintiff moved to equitably distribute an income tax refund the defendant directly deposited into his separate bank account prior to the commencement of the action. On October 22, 2015, the Supreme Court, after a nonjury trial, issued an order, inter alia, denying the plaintiff's motion. On March 25, 2016, judgment was entered upon the order. The plaintiff appeals from so much of the judgment as failed to equitably distribute the income tax refund.
Marital property is "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236[B][1][c]). Marital property must be distributed equitably between the parties, taking into account the circumstances of the case and of the respective parties (see Domestic Relations Law § 236[B][5][c]). The Supreme Court is vested with broad discretion in making an equitable distribution of marital property, and, unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed (see Bernard v Bernard, 126 AD3d 658, 658-659; Aloi v Simoni, 82 AD3d 683, 685).
Here, the Supreme Court providently exercised its discretion with regard to the equitable distribution of the income tax refund, as the plaintiff failed to establish that the funds, which the plaintiff claimed were withdrawn from the defendant's bank account, were not used for the benefit of the family (cf. Domestic Relations Law § 236[B][5][d][12]; Wilner v Wilner, 192 AD2d 524, 525).
The plaintiff's remaining contentions, that the Supreme Court should have held another hearing and failed to enumerate the factors considered in its determination, are without merit.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court