Rosen v Rosen (2021 NY Slip Op 01278)





Rosen v Rosen


2021 NY Slip Op 01278


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2016-12232
 (Index No. 432/12)

[*1]Gail Beth Rosen, respondent,
v
Gordon Scott Rosen, appellant.


Masch, Coffey & Associates, LLP, New City, NY (Julia Masch of counsel), for appellant.
Gail Beth Rosen, Hillsdale, New Jersey, respondent pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated September 30, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated July 15, 2016, made after a nonjury trial, awarded the plaintiff maintenance in the sum of $4,000 per month for a period of three years, awarded the plaintiff the sum of $211,300 in maintenance arrears, awarded the plaintiff a distributive award in the sum of $363,664.74, and awarded the plaintiff attorneys' fees in the sum of $30,000.
ORDERED that the judgment of divorce is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff a distributive award in the sum of $363,644.74, and substituting therefor a provision awarding the defendant a distributive award in the sum of $75,201.49; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, to determine a schedule for the payment of the defendant's distributive award and for the entry of an appropriate amended judgment of divorce.
The parties were married on May 5, 1985. Prior to the marriage, in 1981, the defendant incorporated Airline Software, Inc. (hereinafter Airline), to market, install, and support a collection of programs developed by the defendant and his company Gordon S. Rosen Associates, Inc. (hereinafter GSRAI), known as the Airline Resource Management System (hereinafter ARMS). Modules and updated versions of the ARMS program were continuously developed through 2011. Airline was in operation through 2004, and then the name of the company was changed to Airframe Systems, Inc. (hereinafter Airframe). The defendant incorporated various companies thereafter. The primary operating company from 2004 through 2011 was Aviation Software, Inc. (hereinafter Aviation). In 2006, the defendant incorporated ASI Scanning, Inc. (hereinafter ASI), which eventually took over Aviation's operations.
The parties entered into a prenuptial agreement in which they agreed that the defendant's separate property included shares of stock in Airline and GSRAI. The prenuptial agreement provided that the plaintiff waived all rights to the defendant's separate property, as well as to any property that the defendant may in the future purchase or exchange with the proceeds of [*2]his separate property. The plaintiff also waived her right to any increase in value of the defendant's separate property in which the defendant presently had an interest or in which he may have an interest acquired as a result of a sale or exchange of his separate property.
The parties separated in 2009, and the plaintiff commenced this action for a divorce and ancillary relief in March 2012. A nonjury trial was held at which the plaintiff and the defendant each testified, among other things, that the other wastefully dissipated marital funds. The Supreme Court, inter alia, awarded the plaintiff a distributive award in the sum of $363,644.74, representing 30% of the value of the defendant's interest in ASI and a net credit in the sum of $200,807.74 for the parties' wasteful dissipation of marital funds. The defendant appeals.
"Duly executed prenuptial agreements are accorded the same presumption of legality as any other contract" (Bloomfield v Bloomfield, 97 NY2d 188, 193). As with all contracts, it is assumed that "a deliberately prepared and executed agreement reflects the intention of the parties," and, generally speaking, the court may consider the parties' intent "only to the extent that it is evidenced by their writing" (id. at 193; see Kalousdian v Kalousdian, 35 AD3d 669, 670). "A court is not to search for evidence of the parties' intent outside of the contract, or read it so as to distort its apparent meaning" (Kalousdian v Kalousdian, 35 AD3d at 670).
The parties' prenuptial agreement excluded from marital property the business interests owned by the defendant prior to the marriage. It is undisputed that the defendant's interest in Airline, which was later renamed Airframe, constituted separate property. Through an assignment and licensing agreement, Airline transferred the source code, programs, and trade secrets to Aviation. Aviation operated from 2004 through 2011. ASI was incorporated as a sales and marketing company in 2006. All operations were transferred from Aviation to ASI.
Airline is the defendant's separate property. Since Airline exchanged its operations, including its programs, source code, and trade secrets, with Aviation, and Aviation thereafter exchanged its operations with ASI, the plaintiff waived all rights to the value of the defendant's interest in ASI. Accordingly, the Supreme Court erred in determining that ASI was marital property and in awarding the plaintiff a percentage thereof.
"The party alleging that his or her spouse has engaged in wasteful dissipation of marital assets bears the burden of proving such waste by a preponderance of the evidence" (Marino v Marino, 183 AD3d 813, 820 [internal quotation marks omitted]). As discussed above, ASI and Aviation constituted the defendant's separate property. Therefore, any monies spent from those companies would not be considered marital property and, hence, could not be dissipated by the defendant. The Supreme Court found that the vast majority of the funds that the defendant allegedly wastefully dissipated were generated from ASI. The defendant concedes that he wastefully dissipated $7,525 in marital funds. Thus, the plaintiff was entitled to a credit of only $7,525 for the defendant's uncontested wasteful dissipation of marital assets.
The plaintiff does not dispute the Supreme Court's finding that she wastefully dissipated the proceeds from the sale of the marital home and, thus, on this record, there is no ground to disturb the court's finding that the defendant is entitled to an award of the sum of $82,726.49, which represents 50% of the sum of $165,452.97 that the plaintiff received from those proceeds, less expenses. Accordingly, the defendant is entitled to a net distributive award in the sum of $75,201.49.
The Supreme Court properly determined the amount and duration of maintenance awarded to the plaintiff, and properly awarded the plaintiff attorneys' fees in the sum of $30,000.
MASTRO, A.P.J., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court