Silvers v Silvers (2021 NY Slip Op 04987)





Silvers v Silvers


2021 NY Slip Op 04987


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07181
 (Index No. 28610/12)

[*1]Janice A. Silvers, respondent-appellant,
v
Lon Silvers, appellant-respondent.


Amel R. Massa, Huntington, NY, for appellant-respondent.
Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Lee Rosenberg of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 8, 2017. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated January 19, 2017, made after a nonjury trial, inter alia, awarded the plaintiff 50% of the defendant's interest in two business entities, a credit of $30,000 for the defendant's dissipation of marital assets, and maintenance in the sum of $1,375 per month for a period of 13 years. The judgment of divorce, insofar as cross-appealed from, upon the decision, inter alia, awarded the plaintiff the sum of only $20,000 for attorney's fees and expenses.
ORDERED that the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action for a divorce and ancillary relief in 2012, following a 32-year marriage of the parties, whose two children were emancipated at the time of commencement. Following a nonjury trial, the Supreme Court determined that the defendant, during the parties' marriage, purchased from his father the family's longtime insurance business, Ralph Silvers Agency (hereinafter the Agency), and that the Agency was marital property subject to equitable distribution. The court directed that the sum of $595,000, the stipulated value of the Agency, should be divided equally between the plaintiff and the defendant. The court further determined that the defendant was the owner of a 10% interest in a real estate holding company known as JAVE Properties Corporation (hereinafter JAVE), which was marital property subject to equitable distribution, and its then unknown value should be divided equally between the parties. The court directed that upon the plaintiff's request, the defendant may buy out her ownership interest in JAVE for the sum of $38,375. Additionally, the court awarded the plaintiff a credit of $30,000 to offset the defendant's wasteful dissipation of certain marital assets. With respect to maintenance, the court awarded the plaintiff maintenance in the sum of $1,375 per month for a period of 13 years from the commencement of the action. Furthermore, the court awarded the plaintiff the sum of $20,000 for attorneys' fees and expenses incurred in connection with the defendant's conduct in failing to timely provide disclosure, which resulted in unnecessary delay. The defendant appeals and the plaintiff cross-appeals from stated portions of the judgment of divorce.
Marital property generally includes "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236[B][1][c]). However, "[m]arital property shall not include separate property as hereinafter defined" (id.). Separate property includes, inter alia, "property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse" (id. § 236[B][1][d][1]). "Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property" (Ferrante v Ferrante, 186 AD3d 566, 568, quoting Massimi v Massimi, 35 AD3d 400, 402; see Fields v Fields, 15 NY3d 158, 163).
The Supreme Court providently exercised its discretion in determining that the defendant's interest in the Agency was acquired during the marriage and that the Agency constituted marital property. The court, which was in the position to see the witnesses in person at trial and to assess the credibility of their testimony, found the defendant's claim that he first received the Agency as a gift in 2008 to lack credibility, as it was belied by the defendant's tax returns filed between 2000 and 2011, in which he repeatedly and unambiguously represented that he was the sole proprietor of the Agency (see Fairchild v Fairchild, 149 AD3d 810, 811; Bernard v Bernard, 126 AD3d 658, 659; Marshall v Marshall, 91 AD3d 610, 611; see also Domestic Relations Law § 236[B][1][c]).
The Supreme Court also providently exercised its discretion in determining that the defendant failed to meet his burden of demonstrating that JAVE was his separate property. The testimony of both the defendant and his business partner in JAVE, Frank Schambra, was deemed to lack credibility, and the documentary evidence furnished by the defendant did not substantiate his claim that JAVE constituted separate property (see Steinberg v Steinberg, 59 AD3d 702, 703-704; see also Farag v Farag, 4 AD3d 502, 503). As the relevant tax returns demonstrated that the defendant had an interest in JAVE as a sole owner as far back as 2007, both before and after a purported stock surrender between the defendant and Schambra, and other documentary evidence presented at trial further undercut the defendant's claim that JAVE constitutes separate property, the court's determination that JAVE was marital property should not be disturbed on appeal (see Nerayoff v Rokhsar, 168 AD3d 1071, 1075-1076; Cravo v Diegel, 163 AD3d 920, 922; Matter of McNair v Fenyn, 149 AD3d 747, 748; see also Braunstein v Braunstein, 132 AD3d 620, 624).
"Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an improvident exercise of discretion" (Santamaria v Santamaria, 177 AD3d 802, 804; see Kaufman v Kaufman, 189 AD3d 31, 56; Eschemuller v Eschemuller, 167 AD3d 983, 984). However, in reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing the witnesses and hearing the testimony (see Kaufman v Kaufman, 189 AD3d at 56). Where, as here, "a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses and the proffered items of evidence is afforded great weight on appeal" (id.; see Sufia v Khalique, 189 AD3d 1499, 1500; Taylor v Taylor, 140 AD3d 944, 946).
Equitable distribution of marital property does not necessarily mean equal distribution (see Santamaria v Santamaria, 177 AD3d at 804; Culen v Culen, 157 AD3d 926, 929; DeSouza-Brown v Brown, 71 AD3d 946, 946-947). Rather, "[t]he equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors" (Culen v Culen, 157 AD3d at 929; see Domestic Relations Law § 236[B][5][d]). "Those factors include: the income and property of each party at the time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper" (Taylor v Taylor, 140 AD3d at 945-946; see Domestic Relations Law § 236[B][5][d]). "While equitable distribution does not necessarily mean equal distribution, when both spouses have made [*2]significant contributions to a marriage of long duration, the division of marital property should be as equal as possible" (Kamm v Kamm, 182 AD3d 590, 591, quoting Eschemuller v Eschemuller, 167 AD3d at 984-985).
The Supreme Court did not improvidently exercise its discretion in determining that an equal distribution of the defendant's interest in the Agency and JAVE was appropriate (see Kaufman v Kaufman, 189 AD3d at 56; Santamaria v Santamaria, 177 AD3d at 804; Eschemuller v Eschemuller, 167 AD3d at 984). Particularly given the 32-year duration of the parties' marriage, the plaintiff's and the defendant's relatively advanced ages of 67 and 70, respectively, at the time of trial, and the plaintiff's longtime indirect contributions to the businesses by supporting the defendant and affording him the time and energy to manage the family enterprises, and given that the defendant's testimony concerning both the Agency and JAVE was found to lack credibility, the court's award to each party of 50% of the defendant's interest in the Agency and JAVE was proper and should not be disturbed on appeal (see Domestic Relations Law § 236[B][5][d]; see also Mizrahi-Srour v Srour, 138 AD3d 801, 802-803; Sogoloff v Sogoloff, 124 AD3d 539, 540; Wasserman v Wasserman, 66 AD3d 880, 882).
"The party alleging that his or her spouse has engaged in wasteful dissipation of marital assets bears the burden of proving such waste by a preponderance of the evidence" (Rosen v Rosen, 192 AD3d 710, 712, quoting Marino v Marino, 183 AD3d 813, 820 [internal quotation marks omitted]; Epstein v Messner, 73 AD3d 843, 846). "There may be circumstances where equity requires a credit to one spouse for marital property used to pay off the separate debt of one spouse or add to the value of one spouse's separate property" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421; see Sheehan v Sheehan, 161 AD3d 912, 915). Here, the Supreme Court properly determined that the plaintiff met her burden of proving the defendant's wasteful dissipation of marital assets by a preponderance of the evidence (see Rosen v Rosen, 192 AD3d at 713; Marino v Marino, 183 AD3d at 820; Epstein v Messner, 73 AD3d at 846). As the defendant conceded that the plaintiff was entitled to a marital waste credit of $15,343.46, and in light of the plaintiff presenting credible evidence at trial that the defendant further wasted substantial marital assets, the court did not improvidently exercise its discretion in awarding the plaintiff a $30,000 credit for dissipation of marital assets (see Rosen v Rosen, 192 AD3d at 713; Marino v Marino, 183 AD3d at 820; Epstein v Messner, 73 AD3d at 846; see also Almeida v Almeida, 150 AD3d 1058, 1060; Shkreli v Shkreli, 142 AD3d 546, 549; Renck v Renck, 131 AD3d 1146, 1149-1150).
The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances (see Fishman v Fishman, 186 AD3d 1199, 1200, citing Brody v Brody, 137 AD3d 830, 831). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in making its award of maintenance.
"The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (Marchese v Marchese, 185 AD3d 571, 576; see O'Brien v O'Brien, 66 NY2d 576, 590; Tarantina v Gitelman, 136 AD3d 663, 663). "The purpose of Domestic Relations Law § 237(a) is to redress the economic disparity between the monied spouse and the nonmonied spouse by ensuring that the latter will be able to litigate the action on equal footing with the former" (Brockner v Brockner, 174 AD3d 567, 568, citing Chesner v Chesner, 95 AD3d 1252, 1253). "A less-monied spouse should not be expected to exhaust all, or a large portion, of available finite resources available, particularly where the more affluent spouse is able to pay his or her own legal fees without any substantial lifestyle impact" (Marchese v Marchese, 185 AD3d at 576; see Prichep v Prichep, 52 AD3d 61, 66). The court may take into account whether either party has engaged in conduct or taken positions resulting in delay or unnecessary litigation (see Guzzo v Guzzo, 110 AD3d 765, 766; Khan v Ahmed, 98 AD3d 471, 473). Here, as the Supreme Court, in its discretion, determined that the parties were on equal financial footing, and that the defendant had engaged in certain obstructive conduct that resulted in some unnecessary delay, it appropriately awarded the plaintiff the sum of $20,000 in attorneys' fees and expenses, and properly declined to award the plaintiff any additional fees or expenses (see Domestic Relations Law § 237; [*3]see also Brockner v Brockner, 174 AD3d at 568; Odermatt v Odermatt, 119 AD3d 754, 755-756; Guzzo v Guzzo, 110 AD3d at 766).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, BARROS and CHRISTOPHER, JJ., concur.

2017-07181 DECISION & ORDER ON MOTION
Janice A. Silvers, respondent-appellant,
v Lon Silvers, appellant-respondent.
(Index No. 28610/12)

Motion by the appellant-respondent to strike the portions of the parties' briefs regarding JAVE Properties Corporation on an appeal and cross appeal from a judgment of divorce of the Supreme Court, Suffolk County, dated May 8, 2017, on the ground that the issues concerning that entity have been rendered academic. By decision and order on motion of this Court dated October 30, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
ORDERED that the motion is denied.
LASALLE, P.J., CHAMBERS, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court