Mashieh v Mashieh (2021 NY Slip Op 06352)





Mashieh v Mashieh


2021 NY Slip Op 06352


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-08631
2021-01157
 (Index No. 710838/20)

[*1]Orli Mashieh, respondent, 
v
Kambiz Mashieh, appellant.


The Virdone Law Firm, P.C., Westbury, NY (John Virdone of counsel), for appellant.
Linda S. Strauss, Staten Island, NY, for respondent.
Maria V. De La Cruz, Jamaica, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) stated portions of a judgment of divorce of the Supreme Court, Queens County (Jodi Orlow, J.), entered October 20, 2020, and (2) an order of the same court entered January 13, 2021. The judgment of divorce, upon a decision of the same court dated January 2, 2020, made after a nonjury trial, inter alia, awarded sole ownership of the marital residence to the plaintiff, failed to award maintenance to the defendant, and awarded the plaintiff attorney's fees in the sum of $10,000. The order denied the defendant's motion to vacate or modify a so-ordered stipulation of custody dated November 4, 2019, so as to award him sole legal and residential custody of the parties' unemancipated children.
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married in 1996, and have five children together, four of whom were unemancipated at the time of the trial in this action. In July 2016, the plaintiff commenced this
action for a divorce and ancillary relief. After a nonjury trial, the Supreme Court, inter alia, failed to award the defendant maintenance, equitably distributed the marital property, and awarded the plaintiff attorney's fees in the sum of $10,000. Additionally, the judgment of divorce, in accordance with a so-ordered stipulation of custody dated November 4, 2019, awarded the parties joint legal custody of the four unemancipated children, with residential custody to the plaintiff. In July 2020, the defendant moved to modify or, in the alternative, to vacate the so-ordered stipulation so as to award him sole legal and residential custody. In an order entered January 13, 2021, the court denied the motion. The defendant appeals from the judgment of divorce and the order.
The Supreme Court properly denied the defendant's motion to vacate or modify the so-ordered stipulation, since he failed to present evidence of parental alienation which would justify a change in custody (see Matter of Mondschein v Mondschein, 195 AD3d 1025, 1027). Moreover, the defendant's generalized contention that he felt pressured to execute the stipulation is insufficient to support vacatur of the stipulation (see Vasileva v Christy, 195 AD3d 980, 982).
Additionally, the Supreme Court properly determined that the marital residence, a cooperative apartment, was marital property. The defendant failed to rebut the presumption that the cooperative apartment, purchased during the marriage and maintained with marital funds, was marital property (see Bernard v Bernard, 126 AD3d 658, 659; Kurtz v Kurtz, 1 AD3d 214, 215). Furthermore, the court providently exercised its discretion in awarding the cooperative apartment to the plaintiff, who was to have sole residential custody of the parties' four unemancipated children, while awarding the defendant his business (see Meikle v Perret-Meikle, 176 AD2d 257, 258).
"The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances" (Silvers v Silvers, 197 AD3d 1195, 1199). Here, considering the relevant factors, including, inter alia, the present and future earning capacity of the parties, and the ability of the party seeking maintenance to become self-supporting, the Supreme Court providently exercised its discretion in denying the defendant's request for maintenance.
In determining whether to award attorney's fees, "the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation" (Marchese v Marchese, 185 AD3d 571, 576). As the Supreme Court observed and the record before this Court plainly reflects, the defendant failed to comply with various court orders, which resulted in unnecessary litigation. Thus, the court appropriately awarded the plaintiff attorney's fees in the sum of $10,000, and properly declined to award the defendant attorney's fees.
The defendant's remaining contentions are without merit.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court