Blocker v Blocker (2023 NY Slip Op 05705)

Blocker v Blocker

2023 NY Slip Op 05705

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-00045
 (Index No. 28897/99)

[*1]Edward Blocker, respondent,
v
Lynn Blocker, appellant.

Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and John R. Eyerman of counsel), for appellant.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Karen Bodner of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by an amended judgment dated September 21, 2005, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), entered December 1, 2020. The order, insofar as appealed from, granted the defendant's motion pursuant to Domestic Relations Law § 237(b) for an award of interim counsel fees only to the extent of awarding the defendant counsel fees in the sum of $35,000, and, upon renewal, vacated so much of an order of the same court dated July 1, 2020, as directed a hearing on the defendant's prior cross-motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees, and thereupon, in effect, denied the defendant's prior cross-motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees.
ORDERED that the order entered December 1, 2020, is affirmed insofar as appealed from, with costs.
The parties were divorced by an amended judgment dated September 21, 2005. In October 2019, the plaintiff moved, postjudgment, to modify his maintenance and life insurance obligations, which are not at issue in this appeal. The defendant cross-moved pursuant to 22 NYCRR 130-1.1 for an award of counsel fees. In an order dated July 1, 2020, the Supreme Court referred the matters for a hearing.
In August 2020, the defendant moved pursuant to Domestic Relations Law § 237(b) for an award of interim counsel fees in the sum of $75,000. In September 2020, the defendant moved, inter alia, for leave to renew her prior cross-motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees. In an order entered December 1, 2020, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for leave to renew, and, upon renewal, in effect, denied the defendant's prior cross-motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees. In the same order, the court granted the defendant's motion pursuant to Domestic Relations Law § 237(b) for an award of interim counsel fees to the extent of awarding the defendant counsel fees in the sum of $35,000. The defendant appeals.
"'The decision to award an attorney's fee in a matrimonial action lies, in the first [*2]instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court'" (Silvers v Silvers, 197 AD3d 1195, 1199, quoting Marchese v Marchese, 185 AD3d 571, 576; see Domestic Relations Law § 238). "In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation" (Marchese v Marchese, 185 AD3d at 576).
Here, taking into account the equities and circumstances of this case, including the parties' respective financial positions, the nature and extent of the services rendered, and the defendant's counsel's billing records, the Supreme Court did not improvidently exercise its discretion in awarding the defendant interim counsel fees in the amount of $35,000 and declining to award the defendant additional fees or expenses (see Silvers v Silvers, 197 AD3d at 1199-1200; cf. Turisse v Turisse, 194 AD3d 1090, 1093; Tomassetti v Tomassetti, 194 AD3d 882, 883).
The defendant's remaining contention is without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court