Halley v Craven (2025 NY Slip Op 01572)

Halley v Craven

2025 NY Slip Op 01572

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 320244/22|Appeal No. 3914|Case No. 2023-04587|

[*1]Peter Halley, Plaintiff-Respondent,
v
Ann Craven, Defendant-Appellant.

Grossman LLP, New York (Judd B. Grossman of counsel), for appellant.
Denney, P.C., New York (Briana Denney of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neil Levy, J.), entered on or about August 21, 2023, which denied defendant wife's motion to establish the valuation date for the art created by the parties as of the date of commencement and granted plaintiff husband's cross-motion to establish the valuation date for the art as of the present date, to the extent that the art created during the marriage will be valued as of the date of trial, unanimously affirmed, without costs.
The court providently exercised its discretion in valuing the parties' unsold artwork created during the marriage as of the date of trial, rather than the date of commencement of the action (see Mauthner v Mauthner, 128 AD3d 502, 502 [1st Dept 2015]; Greenwald v Greenwald, 164 AD2d 706, 716 [1st Dept 1991], lv denied 78 NY2d 855 [1991]). Once property in a matrimonial action is classified as marital or separate, "the trial court has broad discretion to select an appropriate date for measuring the value of the property" (Mesholam v Mesholam, 11 NY3d 24, 28 [2008] [internal quotation marks omitted]). However, the valuation date must be between "the date of commencement of the action and the date of trial" (id.; Domestic Relations Law § 236[b][4][b]). Assets subject to equitable distribution may be classified as either "active" or "passive" for purposes of determining the appropriate date of valuation (see Ferraioli v Ferraioli, 295 AD2d 268, 270 [1st Dept 2002]).
Active assets, whose values are affected by the active efforts of the titled spouse, should generally be valued as of the date of commencement of the action (see Greenwald, 164 AD2d at 716; Heine v Heine, 176 AD2d 77, 87 [1st Dept 1992], lv denied 80 NY2d 753 [1992]). Conversely, passive assets, "whose values are affected by outside influences such as inflation or market forces," should generally be valued as closely as possible to the date of trial "so as to avoid a windfall to the titled spouse and injustice to the other if the asset has increased in value" (id.). Normally, "tangible assets such as real estate or art work, as opposed to intangible property such as an interest in a business" are deemed passive assets as they are "less susceptible to having their apparent value manipulated by any one party" (Siegel v Siegel, 132 AD2d 247, 253 [2d Dept 1987]).
Here, the parties acknowledge that the value of the artwork can fluctuate dramatically in a short period, potentially resulting in a windfall for one spouse and an injustice for the other. In fact, this is what happened at a post-commencement auction where the wife's painting sold for more than $600,000, despite expectations of a price between $20,000 and $30,000. While the wife claims that this high price resulted from her efforts to cultivate relationships within the art world, networking alone cannot account for the painting selling for more than 20 times the anticipated amount. There is no guarantee that the recent surge in interest in the wife's work [*2]will be sustained even until the date of trial. Given the susceptibility of the value of the artwork to fluctuations in the market, the court properly characterized the parties' unsold artwork as passive and set the valuation date as of the date of trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025