Khan v Khan (2026 NY Slip Op 01598)

Khan v Khan

2026 NY Slip Op 01598

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Index No. 806075/21|Appeal No. 6167|Case No. 2025-00699|

[*1]Nadine Khan, Plaintiff-Appellant,
vDarryl Khan, Defendant-Respondent.

Bronx Legal Services, Bronx (Elsa Cruz Pearson of counsel), for appellant.

Order, Supreme Court, Bronx County (La Tia W. Martin, J.), entered January 3, 2025, which, to the extent appealed from as limited by the brief, following a trial, granted plaintiff wife an equitable share of the marital estate without evaluating or distributing the timeshare owned jointly by the parties, unanimously modified, on the law and the facts, to the extent of remanding the matter for further proceedings in accordance herewith, and otherwise affirmed, without costs.
The court correctly classified the timeshare as marital property. In its consideration of the statutory equitable distribution factors, the court discussed the testimony and evidence presented at trial about the parties' acquisition of the timeshare, the outstanding loan and membership fees, and the bar on distributing the timeshare until the loan and other outstanding debts are paid. The court also discussed the wife's proposal that the court give the husband ownership of the timeshare, make him solely responsible for all outstanding debt on the property and direct him to pay her one-half of its value. However, the court erred by failing to distribute the outstanding debt associated with the time share and its equity value, if any, and failing to direct the disposition of ownership of the timeshare and the obligation to pay its associated debt (see Domestic Relations Law § 236[B][5][a], [c]; see also Epstein v Messner, 73 AD3d 843, 845-846 [2d Dept 2010]).
Based on the foregoing, the matter is remanded for a determination of the steps the parties must take to surrender or otherwise dispose of the timeshare and for equitable apportionment of the outstanding debt and any equity associated with it (see Annibaffa v Annibaffa, 34 AD3d 345 [1st Dept 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026